**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY L. BUNN, | No. 2:13-cv-2002-MCE-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATION |
| LEWIS, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 21).  Petitioner filed an opposition (Doc. 25).  Respondent filed a request for an enlargement of time to file a reply, which was filed prior to the court issuing a ruling on the motion.  Accordingly, the reply brief is deemed timely filed.  Petitioner also filed a motion for leave to amend and file in lower court (Doc. 27), and motions for the appointment of counsel (Docs. 29, 30).

**I.  BACKGROUND**

Petitioner is challenging his 2010 conviction out of the Sacramento Superior Court.  Petitioner was found guilty of robbery, and sentenced to 37 years.  On appeal, the

1  California Court of Appeal found insufficient evidence to support two of the enhancements, and
2  remanded the case for re-sentencing. (Lodged Docs., Doc. 22 at 18). On June 21, 2013,
3  petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. The
4  petition was denied with citations to People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Dixon, 41
5  Cal.2d 756, 759 (1953), In re Swain, 34 Cal. 2d 300, 304 (1949), and In re Lindley, 29 Cal.2d
6  709, 723 (1947). (Lodged Docs., Doc. 22 at 33).[1]

## II. DISCUSSION

Respondent argues that the instant federal petition must be dismissed because petitioner has failed to properly exhaust his claims in state court. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In the instant case, the California Supreme Court summarily denied petitioner's habeas corpus petition with a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Dixon, 41 Cal.2d 756, 759 (1953)[3], In re Swain, 34 Cal. 2d 300, 304 (1949), and In re Lindley, 29 Cal.2d 709, 723 (1947).  The Swain citation indicates that petitioner did not "allege with particularity the facts upon which he would have a final judgment overturned."  Id.  Under California law, a denial of relief under Swain is without prejudice to the filing of a new state court petition which meets the requirements described in the case.  See id.  Because a citation to In re Swain as the basis for denying a state habeas petition generally indicates that the petitioner

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

[3] Respondent does not specifically argue that the citation to In re Dixon, 41 Cal.2d 756, 759 (1953) is another grounds for this court to grant the motion to dismiss.  The United States Supreme Court has recently determined that California's Dixon bar, which is a procedural default issue, is well-established and adequate to bar federal habeas review.  See Johnson v. Lee, __ U.S. __, 126 S. Ct. 1802, 1805 (2016).  However, procedural default is an affirmative defense which must be raised by the respondent.  See Bennett v. Mueller, 322 F.3d 573, 585 (9th Cir. 2003).  The Supreme Court's decision was not issued until after the current motion to dismiss was filed.  Therefore, given the uncertainty at the time the motion was filed, it is understandable why it was not raised.  Regardless, had it been raised, the Dixon bar would have been an additional reason to dismiss this action, as it is clear that the claims raised in the petition filed in the California Supreme Court were not raised on direct appeal.

has not alleged with particularity sufficient facts in support of his petition, and is without prejudice to the filing of a subsequent petition meeting the pleading requirements, such denials do not establish the exhaustion of available state remedies.  See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).  However, a Swain denial does not per se establish that the claim is unexhausted if the federal court independently determines that the claim could not have been alleged with any greater particularity.  See id. at 1320.

Here, the petition filed with the California Supreme Court raised two claims: the trial judge erred in denying a mistrial and that petitioner was not positively identified. These claims could certainly been found to be vague and required to be alleged with greater particularity.  The undersigned does not see any reason that these claims could not be alleged with greater particularity, and petitioner failed to contend otherwise.  In addition, there does not appear to have been any reason petitioner could not have filed a new petition with the California Supreme Court prior to filing his current petition for federal review.  Therefore, based on the state court's Swain denial, petitioner's current petition is unexhausted.

As to the state court's citation to People v. Duvall, that case outlines the various procedural requirements for a state habeas petition.  See 9 Cal.4th 464, 474 (1995).  Among other things, the petition must "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of the trial transcripts and affidavits or declarations." Id.  A failure to comply with this requirement is a pleading defect subject to cure by amendment.  There is no indication that petitioner ever filed an amended petition in the California Supreme Court attempting to cure the procedural defects found by that Court.  For this reason, the court finds that the Duvall citation is also a valid basis to conclude that the claims were not exhausted in the California Supreme Court.  See Kim v. Villalobos, 799 F.2d 1317 (9th Cir. 2003).

/ / /

/ / /


Petitioner argues that he did file a petition with the California Supreme Court to exhaust his claims.  Respondent acknowledges the petition was filed, but argues the petition was insufficient to exhaust his claims.  As set forth above, the undersigned agrees that based on the citations in the California Supreme Court's denial, the state petition did not comply with the Court's requirements.  Petitioner was required not only to file a petition with the California Supreme Court, but also to do so in such a way that all procedural requirements were met.  Here, he failed to do so.

Accordingly, the undersigned concludes that Petitioner did not properly exhaust his claim in the California Supreme Court, and thus his petition is unexhausted and must be dismissed.

Petitioner's motion to amend and file a petition in the lower court is in essence a motion to stay.  In certain circumstances, the court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims.  See Rhines v. Weber, 544 U.S. 269 (2005); Kelly v. Small, 315 F.3d 1063) (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  However, the present petition is not mixed; it is completely unexhausted.  The court cannot stay a completely unexhausted petition.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 21) be granted;
2. Petitioner's motion to amend (Doc. 27) be denied; and
3. All other pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written

1 objections with the court. Responses to objections shall be filed within 14 days after service of
2 objections. Failure to file objections within the specified time may waive the right to appeal.
3 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED: August 26, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE